# United States District Court
## For The Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | (For Offenses Committed On or After November 1, 1987) |
| GEORGE CLAYTON TRIVETTE, JR. | Case Number: 5:05CR230-1-V |
| | USM Number: 20505-058 |
| | Scott Gsell |
| | Defendant's Attorney |

THE DEFENDANT:

<u>X</u>  pleaded guilty to count(s) <u>1</u>.
__  Pleaded nolo contendere to count(s) which was accepted by the court.
__  Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18:2422(b) | Attempting to persuade, entice or coerce a person under the age of 18 to engage in any sexual act for which any person may be criminally prosecuted by using a computer and modem, connected to the Internet, which affected interstate commerce | 12/31/04 | 1 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

__  The defendant has been found not guilty on count(s) .
__  Count(s) (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: October 23, 2006

Richard L. Voorhees
United States District Judge

Date:    November 2, 2006

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>SIXTY (60) MONTHS</u>.

<u>X</u>   The Court makes the following recommendations to the Bureau of Prisons:

That defendant be designated to FCI Butner so he can participate in the residential sex offender treatment program while incarcerated or as close to his home in Boone, NC, as possible.
That defendant be allowed to participate in vocational and educational opportunities while incarcerated.

<u>X</u>   The defendant is remanded to the custody of the United States Marshal.

__   The defendant shall surrender to the United States Marshal for this district:

   __   At _____ On ___.
   __   As notified by the United States Marshal.

__   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   __   Before 2 pm on .
   __   As notified by the United States Marshal.
   __   As notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

   Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

                                                                United States Marshal

                                                          By
                                                                Deputy Marshal

Defendant: GEORGE CLAYTON TRIVETTE, JR.                                               Judgment-Page 3 of 5
Case Number: 5:05CR230-1-V

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>life</u>.

☐ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitoring or other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

ADDITIONAL CONDITIONS:

25. The defendant shall submit to a mental health evaluation/treatment program under the guidance and supervision of the U. S. Probation Office. The defendant shall remain in treatment and maintain any prescribed medications until satisfactorily discharged by the program and/or with the approval of the U. S. Probation Office.
26. The defendant shall submit to psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the U. S. Probation Officer. The defendant shall complete the treatment recommendations and abide by all of the rules, requirements, and conditions of the program until discharged. He shall take all medication as prescribed.
27. The defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to a polygraph examination and/or Computer Voice Stress Analyzer (CVSA), or other specific tests to monitor his compliance with probation or supervised release and treatment conditions, at the direction of the U. S. Probation Officer.
28. The defendant's residence and employment shall be approved by the U. S. Probation Officer. Any proposed change in residence or employment must be provided to the U. S. Probation Officer at least 10 days prior to the change and pre-approved before the change may take place.
29. The defendant shall not possess any materials depicting and/or describing "sexually explicit conduct" or "child pornography" as defined in 18 U.S.C. Section 2256, nor shall he enter any location where such materials can be accessed, obtained or viewed, including pictures, photographs, books, writings, drawings, videos or video games.
30. The defendant shall register with any local and/or State Sex Offender Registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student within ten (10) days of the commencement of supervision, address change or employment change. He shall provide proof of registration to the U. S. Probation Officer

31. The defendant shall not associate or have verbal, written, telephonic or electronic communications with any person under the age of eighteen (18) except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of his conviction or prior history, and 3) has written approval from the U. S. Probation Officer. This provision does not encompass persons under the age of eighteen (18) such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with, in order to obtain ordinary and usual commercial services.
32. The defendant shall not loiter within 100 feet of any parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, circuses or other places primarily used or can reasonably be expected to be used by children under the age of eighteen (18), without prior written permission of the U. S. Probation Officer.
33. The defendant shall not purchase, possess or control cameras, camcorders or movie cameras without prior approval of the U. S. Probation Officer.
34. The defendant shall not use, purchase, possess, procure or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers or exchange formats involving computers unless approved by the U. S. Probation Officer. Such computers, computer hardware or software is subject to warrantless searches and/or seizures by the U. S. Probation Office.
35. The defendant shall allow the U. S. Probation Officer or other designee, to install software designed to monitor computer activities on any computer they are authorized to use. The defendant shall pay the costs of such services.
36. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18), without written permission from the U. S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen (18).

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $100.00 | $0.00 | $0.00 |

ASSESSMENT PAID ON 10/23/06 - RECEIPT 15470

**FINE**

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

___ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

_X_ The interest requirement is waived.

___ The interest requirement is modified as follows:

**COURT APPOINTED COUNSEL FEES**

___ The defendant shall pay court appointed counsel fees.

___ The defendant shall pay $_____ Towards court appointed fees.

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

- A  X  Lump sum payment of $ __100.00__ due immediately.

     __ Not later than __ , or
     __ In accordance __ (C), __ (D) below; or

- B  __  Payment to begin immediately (may be combined with __ (C), __ (D) below); or

- C  __  Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence _____ (E.g. 30 or 60 days) after the date of this judgment; or

- D  __  Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence _____ (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

__ The defendant shall pay the cost of prosecution.
__ The defendant shall pay the following court costs:
__ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 200 West Broad Street, Room 100, Statesville, NC 28677, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.